FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 20, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COLLEEN S., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:20-CV-05189-JAG <br><br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 23, 32. Attorney Chad Hatfield represents Colleen S. (Plaintiff); Special Assistant United States Attorney Lars Nelson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## I.     JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on June 17, 2013, alleging disability since June 1,

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

2008[1], due to bronchitis, fibromyalgia, PTSD, depression, anxiety, hearing problems, ADD, stomach pain, high cholesterol, insomnia, and headaches. Tr. 134-35. The applications were denied initially and upon reconsideration. Tr. 190-204, 207-17. Administrative Law Judge (ALJ) Cheri Filion held a hearing on January 28, 2016, Tr. 57-104, and issued an unfavorable decision on April 27, 2016. Tr. 20-37. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on August 11, 2020. Tr. 1-6. The ALJ's April 2016 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 21, 2020. ECF No. 1.

## II.    STATEMENT OF FACTS

Plaintiff was born in 1955 and was 56 years old as of her alleged onset date. Tr. 35. She has a high school education and an Associate's degree in fire science. Tr. 66-67. She had a traumatic childhood and was the victim of a violent sexual assault in the 80s. Tr. 590. In 2003 she was attacked by a patient she was caretaking for, resulting in injuries that she testified led her to begin drinking. Tr. 69, 557. For the next several years she held a series of short-term jobs in food services, ticket taking, cashiering, and caregiving, and testified that these jobs all ended due to her ADD and her alcoholism. Tr. 49, 67-69. She eventually achieved sobriety and became active in her local AA community. Tr. 438, 591. At her hearing, she testified that alcohol had masked many of her physical and psychological problems, and since achieving sobriety, her symptoms had become progressively more noticeable. Tr. 74.

---

[1] Plaintiff later amended her alleged onset to January 2012. Tr. 64.

### III. STANDARD OF REVIEW

The ALJ is responsible for determining the reliability of a claimant's allegations, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant

bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## V.    ADMINISTRATIVE FINDINGS

On April 27, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 20-37.

At ***step one***, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 23.

At ***step two***, the ALJ determined Plaintiff had the following severe impairments: posttraumatic stress disorder, depressive disorder, attention deficit hyperactivity disorder, lumbar degenerative disc disease, fibromyalgia, and hearing loss. *Id.*

At ***step three***, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 25-27.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform medium level work with the following limitations:

> She can lift and/or carry 50 pounds occasionally and 25 pounds frequently. The claimant can stand, walk and sit for six hours in an eight-hour workday, respectively. She should avoid work

> environments with loud noises. The claimant should avoid concentrated exposure to extreme cold, heat, noise, vibration, fumes, odors, dusts, gases, hazardous machinery and heights. She can perform simple tasks. The claimant requires a work environment free of fast paced or precision requirements. She can tolerate superficial contact with the public, coworkers and supervisors. 27.

Tr. 27.

At *step four*, the ALJ found Plaintiff could perform her past relevant work as a cashier, ticket seller, and fast-food worker.  Tr. 35.

Alternatively, at *step five* the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of industrial cleaner, laundry worker, and cook helper.  Tr. 35-36.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision.  Tr. 36-37.

## VI.   ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends: (1) the decision is not supported by substantial evidence when considering additional evidence that was submitted to the Appeals Council; (2) the ALJ improperly evaluated the medical opinion evidence; (3) the ALJ conducted an improper step three analysis; (4) the ALJ erred in rejecting Plaintiff's subjective complaints; and (5) the ALJ conducted an inadequate analysis at step five.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 5

## VII.   DISCUSSION

**A.   <u>New Evidence Submitted to the Appeals Council.</u>**

In connection with her request for review by the Appeals Council, Plaintiff submitted additional opinion evidence, including opinions from Dr. Hornell, Dr. Selah, and Dr. Torres.  Tr. 43-55.  The Appeals Council declined to exhibit this evidence, finding it did not show a reasonable probability that it would change the outcome of the decision.  Tr. 2.  Plaintiff now argues that, with the addition of this evidence, the ALJ's decision is not supported by substantial evidence.  ECF No. 23 at 8-9.

When, as here, "the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.,* 682 F.3d 1157, 1163 (9th Cir. 2012).

The new evidence included a January 2012 opinion from Dr. Noda Torres, Plaintiff's treating physician.  Tr. 52-54.  Dr. Torres opined Plaintiff could lift a maximum of two pounds, and did not check boxes indicating Plaintiff could stand or sit for most of a workday.  Tr. 52.  The report was accompanied by a treatment record from a January 24, 2012, visit documenting decreased flexion and extension in Plaintiff's lumbar spine and tenderpoints in her hips, shoulders, thighs, lower back, and knee.  Tr. 54.[2]

Plaintiff argues this evidence is supported by the records and indicates Plaintiff is disabled, and therefore shows a reasonable probability that it would change the outcome of the case.  ECF No. 23 at 8-9.  Defendant argues the new evidence is redundant, as the ALJ already reviewed the accompanying treatment

---

[2] This treatment record was included in the original file before the ALJ.  Tr. 408-09.

record, which was one of the few references to fibromyalgia.  ECF No. 32 at 18.  Defendant further argues that this opinion and treatment record together further support the ALJ's conclusion that Plaintiff only sought treatment for fibromyalgia when she was seeking disability opinions.  *Id.*

The Court finds claim must be remanded for consideration of this additional opinion.  The record contains no other treating source opinions commenting on Plaintiff's physical capabilities.  The only doctors who offered physical residual functional capacities were the state agency reviewing doctors, who did not review Dr. Torres' opinion, and found initially that Plaintiff's physical impairments were non-severe and on reconsideration opined she could perform medium work. Tr. 147-48, 182-83.

Defendant argues this case is similar to *Jacaway v. Kijakazi*, No. 20-36075, 2022 WL 728795 (9th Cir. Mar. 10, 2022).  In that case, the court found the additional evidence from a particular doctor was similar to an earlier opinion offered by the same doctor, so "the same reasons for which the ALJ discounted Dr. Wheeler's first opinion apply to her similar second opinion." *Id.*  Here, the record before the ALJ did not contain any opinions from Dr. Torres, a treating source with at least a year of a treatment relationship with Plaintiff.  Tr. 394, 398, 401, 407.  While Defendant asserts the ALJ's rationale regarding fibromyalgia applies to this opinion, this is *post hoc* rationale that the Court cannot consider.  *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (the Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which she did not rely.").

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 7

On remand the ALJ shall reconsider the record in light of Dr. Torres' opinion, along with any other evidence Plaintiff may submit.[3]

**B.** **<u>Additional Arguments.</u>**

Plaintiff further argues the ALJ erred in rejecting other opinions from Drs. Hornell, Saleh, and Barnard; improperly assessed fibromyalgia at step three; improperly discounted Plaintiff's subjective complaints; and made step four and step five findings that were based on a flawed RFC. ECF No. 23 at 10-21. The Court does not find any of these arguments to present a basis for remand. However, as the case must be remanded for consideration of the additional evidence, the ALJ shall reconsider each of the steps of the five-step analysis in assessing the record as a whole.

## VIII.  CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits under the credit-as-true rule. The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly

---

[3] Plaintiff also submitted additional evidence from Dr. Hornell and Dr. Saleh to the Appeals Council. Tr. 43-51. However, this evidence is similar to evidence from these sources that was already considered by the ALJ, similar to the circumstances of *Jacaway*. Therefore, the Court does not find these reports create an independent basis for remand. However, on remand the ALJ shall consider the record as a whole in making a new decision.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 8

burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not at all clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to properly address all medical opinions in the record. On remand, the ALJ shall reevaluate the evidence of record, making findings on each of the five steps of the sequential evaluation process, and taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 23**, is **GRANTED IN PART.**

2. Defendant's Motion for Summary Judgment, **ECF No. 32**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

//
//
//

5.  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 20, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE